IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| AUSTIN VANN, by his next friends, )<br>FRANK VANN and ASHLEY VANN, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>JAMES STEWART, MEMBERS OF THE )<br>ANDERSON COUNTY BOARD OF )<br>EDUCATION, and TERRI FERRY, )<br>)<br>Defendants. ) | Civil No. 3:04-cv-493<br>Varlan/Shirley |

## MEMORANDUM & ORDER

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Docs. 32, 38] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of Plaintiffs' Motion to Extend Discovery Deadline [Doc. 25]; Defendants' Motion for Protective Order [Doc. 30]; Plaintiffs' Motion to Compel Answers to Deposition Questions and Request for Sanctions [Doc. 35]; and Defendants' Motion for Protective Order That Further Discovery of Members of the Anderson County Board of Education Not Be Had Relative to the September 13, 2004 Executive Session of the Board [Doc. 39].

This is an action brought pursuant to 42 U.S.C. § 1983 for the alleged violation of Austin Vann's constitutional rights arising from his suspension from school for one year pursuant to a zero tolerance policy. Because the chronology of the events is important, the facts are hereinafter set forth in chronological order. Anderson County High School Vice Principal Murrel

Albright suspended Vann on April 7, 2004. Vann appealed Albright's decision to the Disciplinary Hearing Authority ("DHA") of the Anderson County Board of Education ("Board"). The DHA conducted a hearing on April 15, 2004 and upheld the suspension. The plaintiffs then requested that the Board consider Vann's case at its next regularly scheduled meeting in May, 2004. The Chairman of the Board, Dr. John Burrell, recused himself from the proceedings. On May 13, 2004, the Board, without Dr. Burrell's participation, denied Vann's request for reconsideration.

On August 4, 2004, plaintiffs' attorney, William Reeves, faxed a proposed lawsuit to the Board's attorney, Jerry Shattuck. The proposed lawsuit was based primarily on the alleged violation of Vann's rights but also proposed to seek class certification for other similarly situated students who had been suspended pursuant to the Board's zero tolerance policy. On August 31, 2004, Reeves faxed Shattuck a proposed settlement/resolution of the matter for the Board's consideration. On September 13, 2004, prior to the regularly scheduled meeting of the Board, Shattuck approached the Board and requested an "executive session" with the Board members to discuss the proposed lawsuit and settlement faxed to him by plaintiffs' counsel. The Board ultimately did not accept the plaintiffs' proposed settlement, and the present lawsuit was filed.

The plaintiffs allege that the Board's actions were improperly influenced by the personal animus of Dr. Burrell. Austin Vann had been involved with Dr. Burrell's daughter, and the plaintiffs allege that he had made his disapproval of Vann "well known." The plaintiffs allege that Dr. Burrell called the executive session on September 13, 2004, in order to speak privately to the other Board members in order to prevent any modification of Vann's suspension.

The plaintiffs initially filed a motion to compel on September 15, 2005, seeking to compel deposition testimony from Dr. Burrell and other Board members regarding this executive

2

session. The District Court denied this motion without prejudice due to the parties' failure to follow the procedure for the resolution of discovery disputes as set forth in the Scheduling Order. [Doc. 24]. The District Court further ordered the parties to conduct a telephone conference with the undersigned in an effort to resolve this discovery dispute without further judicial intervention. [Doc. 24]. The undersigned conducted a telephone conference with counsel on September 27, 2005. At that time, counsel for the defendants agreed to provide counsel for the plaintiffs a privilege log regarding the subject executive session, and the parties agreed to meet and confer in an effort to resolve this issue without the re-filing of a motion to compel. [Doc. 27]. The defendants provided a privilege log; however, the parties were unable to resolve their dispute, and the plaintiffs re-filed their motion to compel on October 17, 2005. [Doc. 35]. The defendants have filed a response [Doc. 41] to the plaintiffs' motion, and further seek a protective order to prohibit the further discovery of any Board members regarding the September 13, 2004 executive session. [Doc. 39].

**I.     Plaintiffs' Motion to Compel and Defendants' Motion for Protective Order Regarding Depositions**

Plaintiffs move to compel Dr. Burrell to answer the following questions regarding the September 13, 2004 executive session:

> 1. Was there a meeting of the board in September, 2004, where it [the suspension of Austin Vann] was discussed? [Deposition of Dr. John Burrell at page 13, lines 14-17].
>
> 2. Did you engage in any discussion about Austin Vann's case at that time? [Id. at page 14, lines 8-11].
>
> 3. You are denying that you engaged in any discussion about Austin Vann's case at that time? [Id. at page 14, lines 14-16].
>
> 4. Did you recuse yourself from any discussion about Austin Vann? [Id. at page 15, lines 4-6].

3

5. Did you recuse yourself from any discussion? [Id. at page 15, lines 7-9].

6. Did you make any statements during that meeting to other members of the board? [Id. at page 15, lines 10-18].

7. Did you leave the room as you did in the public meeting? [Id. at page 16, lines 12-16].

8. Was there discussion in that meeting about whether or not it was a proper private meeting? [Id. at page 17, lines 8-11].

9. Was a vote taken at that meeting? [Id. at page 17, lines 12-14].

10. Did you excuse yourself from the meeting at anytime? [Id. at page 17, lines 15-18].

During Dr. Burrell's deposition, Burrell's counsel objected to these questions and instructed his client not to answer, citing the attorney-client privilege.

The plaintiffs argue that information regarding the September 13, 2004 executive session is relevant to the plaintiffs' claims "because it is indicative and typical of the treatment that Austin Vann received throughout his course of dealings with the Anderson County School Board." [Doc. 35]. The defendants, on the other hand, object to the plaintiffs questioning Dr. Burrell or any other Board member regarding their communications with counsel (*i.e.*, attorney Shattuck) during the September 13, 2004 meeting. With respect to any aspect of the meeting that is not protected by the attorney-client privilege, the defendants move the Court for entry of an Order precluding any further discovery on these issues on the grounds that such discovery is not reasonably calculated to lead to the discovery of admissible evidence. [Doc. 39].

4

As directed by the Court, the defendants produced a "privilege log"[1] describing the nature of the information withheld during Dr. Burrell's deposition. Specifically, the defendants provided the following information regarding the executive session: (1) that it was prompted by the proposed lawsuit sent by the plaintiffs' attorney to attorney Shattuck on August 4, 2004 and the subsequent August 31, 2004 letter from the plaintiffs' attorney regarding a proposed settlement or resolution of the matter for the Board to consider; (2) that no votes or decisions were made at this meeting; and (3) that the Board did not deliberate toward any decision. [Doc. 37 Ex. A].

In response to receiving defendants' privilege log, plaintiffs' counsel sent a letter, requesting additional details about the meeting. [Doc. 37 Ex. B]. The defendants' counsel responded to plaintiffs' inquiries by correspondence dated October 14, 2005, which provides the following additional information regarding the executive session:

> Mr. Shattuck appeared and requested an executive session prior to the regularly scheduled meeting of the Anderson County Board of Education at approximately 6:30 p.m. on September 13, 2004. The purpose of the session was to inform the board of [the plaintiffs'] proposed filing and proposed settlement. The location of the executive session was in a room on the 5th floor of the Union Planter's Bank Building in Clinton, Tennessee. No time records were kept as to when the session began or when it was concluded. However, it was not lengthy, as it occurred right before the regularly scheduled meeting of the board.
>
> ...[A]ll board members were present, except Mr. Zitzman. Either Mr. Shattuck or [attorney Arthur Knight] have discussed the executive session with each member present. The Anderson County Board of Education is unwilling to waive attorney/client privilege.

---

[1] The "privilege log" was actually in the form of a letter between counsel dated October 7, 2005.

> Again, Mr. Shattuck commenced the executive session and informed the board of the substance of [the plaintiffs'] proposed filing and settlement, and his thoughts in regard to both.
>
> Dr. Burrell was present. There was nothing for Dr. Burrell to recuse himself from.
>
> At no time did Dr. Burrell say anything in an attempt to influence the board one way or the other. Individual board members asked Mr. Shattuck questions about his thoughts, but the board did not deliberate toward a decision or decide anything relative to [the plaintiffs'] proposed filing or proposed compromise.

[Doc. 37 Ex. C].

Additionally, in response to the plaintiffs' second set of requests for admission, the defendants assert that no decision was made during the September 13, 2004 executive session, nor did the Board deliberate toward any decision. The defendants further deny in their responses that Dr. Burrell attempted to influence anyone regarding any disciplinary action taken against Vann. [Doc. 39 Ex. 3].

The plaintiffs argue that the Board members' communications during the executive session are not privileged attorney-client communications because (1) the Board members made decisions and deliberated about the course of action to take regarding Vann's suspension during the meeting and (2) there was no present and pending litigation between the parties at the time the meeting occurred. The plaintiffs further contend that the executive session was held in violation of the Open Meetings Act, and they seek sanctions pursuant to Tenn. Code Ann. § 8-44-106(a).

The Tennessee Supreme Court has recognized that private discussions between a public body and its attorney regarding pending litigation are privileged. Smith County Educ. Ass'n v. Anderson, 676 S.W.2d 328, 334 (Tenn. 1984). Such meetings are exempted from the Open Meetings Act, Tenn. Code Ann. § 8-44-101, *et seq.* Van Hooser v. Warren County Bd. of Educ.,

6

807 S.W.2d 230, 237 (Tenn. 1991). This exemption applies only "to meetings in which discussion of present and pending litigation takes place." Smith County Educ. Ass'n, 676 S.W.2d at 334. "However, once any discussion, whatsoever, begins among the members of the public body regarding what action to take based upon advice from counsel, whether it be settlement or otherwise, such discussion shall be open to the public and failure to do so shall constitute a clear violation of the Open Meetings Act." Id.

In the present case, there is no evidence that any deliberations or decisions were made during the September 13, 2004 executive session. The only evidence indicates that there were no deliberations or decisions made, and the plaintiffs offer no proof to the contrary. The information provided by the defendants, by way of their privilege log and their responses to plaintiffs' requests for admission, establishes that the executive session was called by counsel for the purpose of discussing the plaintiffs' proposed lawsuit and proposed settlement, and that no deliberations or decisions were made by the Board. The Board had the right to meet with counsel privately to discuss this matter. See Van Hooser, 807 S.W.2d at 237 (finding school board had right to meet with attorney as there was "a pending controversy that was likely to result in litigation"). For these reasons, the Court concludes that the communications between the Board members and their counsel that took place during the executive session on September 13, 2004 are protected by the attorney-client privilege and are therefore not discoverable.

To the extent that any communications which took place during the executive session are not privileged, the Court agrees with the defendants that discovery of such communications is not reasonably calculated to lead to the discovery of admissible evidence. Rule 26 provides that a party to a civil action "may obtain discovery regarding any matter, not privileged, that is relevant

7

807 S.W.2d 230, 237 (Tenn. 1991). This exemption applies only "to meetings in which discussion of present and pending litigation takes place." Smith County Educ. Ass'n, 676 S.W.2d at 334. "However, once any discussion, whatsoever, begins among the members of the public body regarding what action to take based upon advice from counsel, whether it be settlement or otherwise, such discussion shall be open to the public and failure to do so shall constitute a clear violation of the Open Meetings Act." Id.

In the present case, there is no evidence that any deliberations or decisions were made during the September 13, 2004 executive session. The only evidence indicates that there were no deliberations or decisions made, and the plaintiffs offer no proof to the contrary. The information provided by the defendants, by way of their privilege log and their responses to plaintiffs' requests for admission, establishes that the executive session was called by counsel for the purpose of discussing the plaintiffs' proposed lawsuit and proposed settlement, and that no deliberations or decisions were made by the Board. The Board had the right to meet with counsel privately to discuss this matter. See Van Hooser, 807 S.W.2d at 237 (finding school board had right to meet with attorney as there was "a pending controversy that was likely to result in litigation"). For these reasons, the Court concludes that the communications between the Board members and their counsel that took place during the executive session on September 13, 2004 are protected by the attorney-client privilege and are therefore not discoverable.

To the extent that any communications which took place during the executive session are not privileged, the Court agrees with the defendants that discovery of such communications is not reasonably calculated to lead to the discovery of admissible evidence. Rule 26 provides that a party to a civil action "may obtain discovery regarding any matter, not privileged, that is relevant

to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). The plaintiffs' claim in this lawsuit is that Vann's constitutional rights were violated by his suspension in April, 2004 and the affirmances of that suspension by the Board in April and May, 2004. There are no allegations in the complaint that Vann's rights were violated by the Board during its September 13, 2004 meeting or in its consideration of the plaintiffs' offer of settlement. Indeed, the Court fails to see how any communications among the Board members in September, 2004 regarding a proposed settlement of Vann's lawsuit could be relevant to the plaintiffs' claim that Austin Vann's rights were violated by the Board some four months prior.

Furthermore, the executive session was called by the Board's attorney in order for the Board to discuss Vann's lawsuit and the plaintiffs' proposed settlement with its counsel. To the extent that the executive session involved discussions regarding the plaintiffs' offer of settlement, such evidence would not be admissible at trial. See Fed. R. Evid. 408.

For these reasons, the plaintiffs' Motion to Compel Answers to Deposition Questions and Request for Sanctions [Doc. 35] is **DENIED**, and the defendants' Motion for Protective Order That Further Discovery of Members of the Anderson County Board of Education Not Be Had Relative to the September 13, 2004 Executive Session of the Board [Doc. 39] is **GRANTED**.

### II.  Plaintiffs' Motion to Extend Discovery Deadline

Plaintiffs move for an additional thirty (30) days in which to conduct discovery in this matter, in order to complete the deposition of Dr. John Burrell and other members of the Anderson County Board of Education. While the plaintiffs have deposed Dr. Burrell, he refused to answer any question regarding the September, 2004 Board meeting. Plaintiffs wish to reconvene

8

his deposition in order to question him about this meeting. Because it was anticipated that the same issue would arise in the depositions of the other Board members, the plaintiffs postponed their depositions until the underlying discovery dispute has been resolved. [Doc. 26].

Plaintiffs' motion for an extension of time was filed approximately eight days after the expiration of the discovery deadline. While acknowledging that the motion is not timely, Plaintiffs' counsel asserts that the failure to timely file the motion was a result of excusable neglect, insomuch as counsel neglected to recognize the cut-off date by one week. [Doc. 26]. The defendants have not filed any opposition to this motion; however, they do indicate in their motion for protective order [Doc. 39] that the defendants do not oppose a continuation of Dr. Burrell's deposition if the plaintiffs' counsel has further questions for him.

For good cause shown, Plaintiffs' Motion to Extend Discovery Deadline [Doc. 25] is **GRANTED** to the extent that the plaintiffs shall have until **December 9, 2005** to complete the deposition of any Board members they wish to depose. However, for the reasons stated previously in this opinion, the plaintiffs shall not permitted to depose any Board members regarding the Board's executive session on September 13, 2004.

### III. Defendants' Motion for Protective Order Regarding Requests for Admissions

Defendants filed a motion, seeking an Order protecting them from responding to the plaintiffs' second set of request for admissions until after the parties' dispute regarding the September, 2004 Board meeting had been resolved. The record indicates that responses to these

9

requests have now been served. [Doc. 39]. Accordingly, Defendants' Motion for Protective Order [Doc. 30] is **DENIED AS MOOT**.

        **IT IS SO ORDERED.**

        **ENTER:**

        <u>s/ C. Clifford Shirley, Jr.</u>
        United States Magistrate Judge